IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES GRIMES,

      Plaintiff,                    No. 2:12-cv-0937 DAD P

      vs.

RICHARD RIVERMAN et al.,

      Defendants.           <u>ORDER</u>

                                    /

          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3  doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>
10 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15     Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862
19 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
20 allegations concerning the involvement of official personnel in civil rights violations are not
21 sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

23     In the present case, plaintiff's complaint has identified as defendants Mail Room
24 Staff Member Richard Riverman, Appeals Coordinators West and McLean, Correctional
25 Counselor Lambs, Sergeant Weaver, Officers Low and Romero, Drs. Soltanian and Naseer,
26 Chief Medical Officer Smith, Nurses Storey and Donna and Does 1-5,000. Therein, plaintiff

alleges a series of vague and unrelated complaints against the defendants. For example, plaintiff alleges that: defendant Riverman assured the state district attorney that he would personally deliver mail to all parties but he did not; Sergeant Weaver refused to give him paperwork that he still needs; defendants West and McLean have refused to process his inmate appeals properly; defendant Lambs could have stopped him from being beat up in the prison gym but did not; defendant Drs. Soltanian and Naseer did not provide him with adequate medical care; defendant Smith changed his medical chrono for no reason; and defendant Nurse Donna would not even look at his medical problem. (Compl. at 3-4 & Attachs.)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff elects to proceed with this action by filing an amended complaint, he is advised that the court will not allow plaintiff to proceed in this action against multiple defendants when his claims against those defendants are wholly unrelated. See Fed. R. Civ. P. 18(a). Plaintiff may pursue multiple claims against a single defendant, but he may not pursue unrelated claims against different defendants. See George v. Smith, 507 F.3d 605 (7th Cir. 2007). In George, a state prisoner sued twenty-four persons who had played some role in his confinement and alleged numerous violations of his constitutional rights. In reviewing plaintiff's "mishmash

complaint," the Seventh Circuit Court of Appeals explained:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party."  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).  George was trying not only to save money but also to dodge that rule.  He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

507 F.3d at 607.  See also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied); Rowe v. Baughman, No. CIV S-10-2843 EFB P, 2011 WL 720072 at *3 (E.D. Cal. Feb. 22, 2011) (relying on the decision in George v. Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, No. CIV S-10-3221 GGH, 2011 WL 587589 at *2 (E.D. Cal. Feb. 9, 2011) (same).

      Moreover, if plaintiff chooses to file an amended complaint, he must clarify his allegations against each of the named defendants.  He must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff wishes to proceed on a failure to protect claim against defendant Lambs because he allegedly could have prevented plaintiff from being attacked in the prison gym, he is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). It is well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id.

To state a cognizable failure to protect claim, plaintiff must allege that objectively he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). He must also allege that subjectively defendant Lambs had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834. In this regard, a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id.

If plaintiff wishes to proceed on a claim for inadequate medical care against defendant Drs. Soltanian and Naseer, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994).

To state a cognizable claim for inadequate medical care, plaintiff needs to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference." However, plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Likewise, a mere disagreement between plaintiff and defendants as to how defendants provided him with medical care fails to state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Finally, plaintiff is advised that insofar as he is attempting to state a claim against defendants West and McLean for the way in which they handled his inmate appeals, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's

allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: August 21, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
grim0937.14a