1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MICHAEL JAMES GRIMES,

11              Plaintiff,              No. 2:12-cv-0937 DAD P

12        vs.

13    RICHARD RIVERMAN et al.,

14              Defendants.             ORDER

15    _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17    filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

18                          **SCREENING REQUIREMENT**

19        The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24    U.S.C. § 1915A(b)(1) & (2).

25        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

10  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

11  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

12  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

13  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17            The Civil Rights Act under which this action was filed provides as follows:

18            Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the
19            deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at
20            law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

2

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3         Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8  allegations concerning the involvement of official personnel in civil rights violations are not

9  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                        **PLAINTIFF'S AMENDED COMPLAINT**

11         In plaintiff's amended complaint, he names Warden Martel, Warden Cash, the

12  "Mule Creek State Prison Health Care Dept.," and "California Institution for Men Prison Health

13  Care" as the defendants in this action.  Plaintiff alleges that the wardens for both prisons are

14  responsible for what goes on in their prisons and knew that plaintiff was not receiving proper

15  medical care while incarcerated at their institutions.  According to the complaint, plaintiff can

16  show this court that his medical care was, and continues to be, "a farce."  Plaintiff mentions in

17  his amended complaint that he underwent three, unspecified emergency surgeries in 2011.

18  Plaintiff has also filed with the court 394 pages of various health-care related exhibits in support

19  of his complaint.  In terms of relief, plaintiff requests monetary damages.  (Am. Compl. at 9-11

20  & Exs.)

21                                **DISCUSSION**

22         The allegations in plaintiff's amended complaint are so vague and conclusory that

23  the court is unable to determine whether the current action is frivolous or fails to state a claim for

24  relief.  The amended complaint does not contain a short and plain statement as required by Fed.

25  R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

26  give fair notice to the defendants and must allege facts that support the elements of the claim

1   plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

2   Plaintiff must allege with at least some degree of particularity overt acts which defendants

3   engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the

4   requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the

5   interests of justice, the court will grant plaintiff leave to file a second amended complaint.

6           Plaintiff's primary complaint appears to be that prison officials have failed to

7   provide him with adequate medical care.  As the court previously advised plaintiff, in Estelle v.

8   Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not

9   constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to

10  the level of "deliberate indifference to serious medical needs."  Deliberate indifference is "a state

11  of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care

12  for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

13          To state a cognizable claim for inadequate medical care, plaintiff needs to allege

14  facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."

15  Specifically, plaintiff must allege who was involved in his medical care, what condition(s)

16  required treatment, and why the care he received was inadequate.  Plaintiff is cautioned that

17  "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

18  action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

19  105-06).  Likewise, a mere disagreement between plaintiff and defendants as to how defendants

20  provided him with medical care fails to state a cognizable § 1983 claim.  See Toguchi v. Soon

21  Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th

22  Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d

23  1337, 1344 (9th Cir. 1981).

24          In any second amended complaint plaintiff elects to file, plaintiff must allege a

25  specific causal link between the actions of any named defendants and the claimed constitutional

26  violations.  There can be no liability under 42 U.S.C. §  1983 unless there is some affirmative

4

1  link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode,

2  423 U.S. 362 (1976); May v. Enomoto , 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

3  588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in

4  civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

5  1982).  In addition, although in some instances exhibits can be useful in supporting and

6  explaining the allegations made by a plaintiff, the court simply cannot and will not sift through

7  394 pages of health-care related documents to attempt to determine the nature of plaintiff's

8  claims in this action.

9          The court notes that plaintiff has named two wardens as defendants in his

10  amended complaint.  Plaintiff is advised that supervisory personnel are generally not liable under

11  § 1983 for the actions of their employees under a theory of respondeat superior and, therefore,

12  when a named defendant holds a supervisorial position, the causal link between him and the

13  claimed constitutional violation must be specifically alleged.  See Starr v. Baca, 652 F.3d 1202,

14  1207 (9th Cir. 2011) (supervisory defendant may be held liable under § 1983 only "'if there

15  exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a

16  sufficient causal connection between the supervisor's wrongful conduct and the constitutional

17  violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

18          Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

19  his second amended complaint complete.  Local Rule 220 requires that an amended complaint be

20  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

22  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

23  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

24  each claim and the involvement of each defendant must be sufficiently alleged.

25  /////

26  /////

**OTHER MATTERS**

Plaintiff has filed a motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint (Doc. No. 17) is dismissed;

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be on the form complaint provided with this order, must bear the docket number assigned to this case, and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice;

3.  Plaintiff's motion for appointment of counsel (Doc. No. 20) is denied; and

/////

/////

1          4.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2   civil rights action.

3   DATED: September 17, 2013.

4

5   _____

6   DAD:9                    DALE A. DROZD
    grim0937.14am            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26