UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES GRIMES,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD RIVERMAN et al.,<br><br>    Defendants. | No.  2:12-cv-0937 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint.

**SCREENING REQUIREMENT**

As the court previously advised plaintiff, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.
5       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
8  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  However, in order to survive dismissal for failure to state a claim a complaint must contain more
10  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
11  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
12  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
13  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
14  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
15  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
16       The Civil Rights Act under which this action was filed provides as follows:

17
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
18
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
19
> law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
24  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
25  omits to perform an act which he is legally required to do that causes the deprivation of which
26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
27       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
28  their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S SECOND AMENDED COMPLAINT

In his second amended complaint, plaintiff has identified several doctors and physician's assistants as the defendants. Plaintiff's primary complaint is that he is dissatisfied with the medical care he has received from defendants. For example, plaintiff alleges that defendant Dr. Soltanian at some point wrote in plaintiff's medical chart that plaintiff refuses to obtain medical care outside of the prison grounds. According to plaintiff, this caused him to have two major emergency surgeries within a ten day period. Plaintiff further alleges that defendant Dr. Nasseer is "very simple" and did nothing to treat any of plaintiff's medical problems. Plaintiff also alleges that defendant Dr. Torres stopped his "cut back" surgery because plaintiff's blood pressure was too high. Although, according to plaintiff, he ultimately did receive the surgery, plaintiff alleges that the delay he experienced in that regard resulted in fellow inmates harassing him for the way he smelled prior to his surgery. (Sec. Am. Compl. at 3-10.)

## DISCUSSION

The allegations in plaintiff's second amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a third and final amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court understands from plaintiff's allegations that he is dissatisfied with the medical care provided to him by defendants. However, as the court previously advised plaintiff, in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994).

To state a cognizable claim for inadequate medical care, plaintiff needs to allege specific facts demonstrating how each defendant's actions rose to the level of "deliberate indifference." In this regard, plaintiff must allege how each defendant was involved in his medical care, explain why the care he received was inadequate, and clarify what injury he suffered as a result of the defendant's medical care. Plaintiff mentions in his second amended complaint that "malpractice" is the norm in the prison system. However, "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Likewise, a mere disagreement between plaintiff and defendants as to how defendants provided him with medical care fails to state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

4

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Plaintiff has filed two motions for "discovery" to obtain copies of his medical records. The court will deny plaintiff's motions. Plaintiff should have access to his medical records at his institution of confinement upon his request. If plaintiff is having difficulty accessing his medical records, he should file an administrative grievance at his institution. See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").

In addition, plaintiff has filed a motion to "remove respondent['s] name and replace with" Jerry Brown. Plaintiff has also filed a motion to dismiss two named defendants, defendant Alphonso and defendant Woman, because he no longer wishes to proceed on any claims against those defendants. The court will deny plaintiff's motion to "remove respondent['s] name and replace with" Jerry Brown. Plaintiff is advised that the caption of this case reflects the defendants he is proceeding against. He is not proceeding against Governor Jerry Brown in this action. The court will also deny plaintiff's motion to dismiss two of the named defendants as unnecessary because, for the reasons discussed herein, the court is dismissing plaintiff's second amended complaint in its entirety. In any third amended complaint plaintiff elects to file, he need not name Alphonso and Woman as defendants if he no longer wishes to proceed against them.

Plaintiff has also filed a motion for a court order against the law librarian at California Substance Abuse Treatment Facility. Plaintiff complains that the law librarian is not making necessary copies for him. The court will deny plaintiff's motion. Plaintiff is advised that this

court is unable to issue an order against any individual who is not a party to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Again, if plaintiff is having trouble making copies he is required to make, his initial course of action should be to file an administrative grievance at his institution.  See Cal. Code Regs. tit. 15, § 3084.1(a).

Finally, plaintiff has filed a motion to place this case on "inactive" status until May 31, 2014, because he would like additional time to study the law.  In addition, plaintiff reports that the computers at the institution where he is confined are being replaced, and he is in the process of trying to find an attorney to represent him.  Finally, as noted above, plaintiff states that he is trying to obtain a copy of his medical records.  The court will deny plaintiff's motion to have this action placed in "inactive" status.  Plaintiff filed this civil rights action and has a duty to prosecute it diligently.  Insofar as plaintiff needs additional time to respond to a court order, he should file a request for an extension of time.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. No. 27) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in dismissal of this action without prejudice;

3. Plaintiff's motion to remove respondent's name (Doc. No. 23) is denied;

4. Plaintiff's motion for a court order against the law librarian (Doc. No. 24) is denied;

5. Plaintiff's motions for discovery (Doc. Nos. 29 & 32) are denied;

/////

6. Plaintiff's motion to dismiss defendants Alphonso and Woman (Doc. No. 31) is denied as unnecessary;

7. Plaintiff's motion to put this case on "inactive" status (Doc. No. 33) is denied; and

8. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: February 3, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
grim0937.14am