1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL JAMES GRIMES,                   No.  2:12-cv-0937 DAD P

12            Plaintiff,

13        v.                                 ORDER

14   RICHARD RIVERMAN et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action against defendants Dr. Naseer and Dr. Soltanian.  Pending before the court are several of

19   plaintiff's motions.

20        First, plaintiff has filed a motion for an automatic extension of time to respond to all court

21   orders and filings by defense counsel in this action.  In his motion, plaintiff alleges that he has

22   experienced delays in receiving his mail.  The court will deny plaintiff's motion as unnecessary.

23   If plaintiff believes he needs additional time to respond to future court orders or motions and

24   filings by defense counsel he may request an extension of time from the court at that time.

25        Next, plaintiff has filed a motion to compel.  According to the court's discovery and

26   scheduling order, however, the parties were required to file all discovery motions on or before

27   November 28, 2014.  Plaintiff has not filed a motion to modify the court's scheduling order.  See

28   Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992).  Nor has plaintiff

1   otherwise shown good cause at this late date to modify the scheduling order as required.  See id.

2   Accordingly, the court will deny plaintiff's motion to compel as untimely.

3       Finally, plaintiff has filed a motion for preliminary injunctive relief.  In the motion,

4   plaintiff complains about the medical care he is receiving from a Dr. Tran.  Plaintiff seeks a court

5   order directing the Warden or Chief Medical Officer to stop making him see Dr. Tran for medical

6   treatment.  (Pl.'s Mot. for Prelim. Inj. at 1-8.)

7       The court will deny plaintiff's motion without prejudice.  As an initial matter, plaintiff's

8   motion does not comply with Local Rule 231, which requires that a motion for preliminary

9   injunctive relief be accompanied by:  (1) a declaration signed under penalty of perjury on the

10  question of irreparable injury; (2) a memorandum of points and authorities addressing all legal

11  issues raised by the motion; and (3) evidence of notice to all persons who would be affected by

12  the order sought.  See Local Rule 231(d).

13      Moreover, plaintiff's allegations in support of his motion for a preliminary injunction are

14  against a non-party doctor.  In addition, plaintiff seeks a court order against his warden or the

15  Chief Medical Officer to stop making him see Dr. Tran for medical treatment.  Plaintiff is advised

16  that this court is unable to issue an order against any entity or individual who is not a party to a

17  suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 112 (1969);

18  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

19  may issue an injunction if it has personal jurisdiction over the parties and subject matter

20  jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

21  court.").

22      Finally, "[t]he proper legal standard for preliminary injunctive relief requires a party to

23  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

24  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

25  injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009)

26  (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  Here, plaintiff's

27  allegations concerning Dr. Tran's medical care fail to state a claim for relief for deliberate

28  indifference let alone demonstrate a likelihood of success on the merits of such a claim.  See

2

1  <u>Snow v. McDaniel</u>, 681 F.3d 978, 987 (9th Cir. 2012) (mere difference of opinion between a

2  physician and the prisoner does not amount to deliberate indifference), <u>overruled</u> <u>on</u> <u>other</u>

3  <u>grounds</u> <u>by</u> <u>Peralta v. Dillard</u>, 744 F.3d 1076 (9th Cir. 2014); <u>Ivey v. Board of Regents</u>, 673 F.2d

4  266, 268 (9th Cir. 1982).  Accordingly, the court will deny plaintiff's motion for preliminary

5  injunctive relief.[1]

6       Accordingly, IT IS HEREBY ORDERED that:

7       1.  Plaintiff's motion for an automatic extension of time (Doc. No. 57) is denied as

8  unnecessary;

9       2.  Plaintiff's motion to compel (Doc. No. 60) is denied as untimely; and

10       3.  Plaintiff's motion for a preliminary injunctive relief (Doc. No. 58) is denied without

11  prejudice.

12  Dated:  March 17, 2015

13

14  _____

    DALE A. DROZD

15      UNITED STATES MAGISTRATE JUDGE

DAD:9

grim0937.mots

16

17

18

19

20

21

22

23

24

25

26  [1] If plaintiff is still dissatisfied with his medical care, he should seek relief through the administrative grievance process at his institution of incarceration.  <u>See</u> Cal. Code Regs. tit. 15, §

27  3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse

28  effect upon his or her health, safety, or welfare.").

3